OPINION
{¶ 1} Defendant, Michael Marshall, appeals from his conviction and sentence for theft, which were entered by the court after a bench trial resulted in a verdict of guilty.
 {¶ 2} The evidence presented by the State demonstrates that on March 22, 2003, Defendant rented a clothes dryer from the Rent-A-Center store located at 5551 Salem Avenue, Trotwood. Under the terms of the Lease Rental Purchase Agreement Defendant signed, the customer is expected to pay in advance for the period of time he rents the property and if the customer does not renew the agreement when the period expires he must return the property. The weekly rental fee for the clothes dryer was $10.64. Defendant rented the clothes dryer for a period of two weeks and received an additional two weeks free of charge due to a promotional offer. Defendant made an initial rent payment of $23.41 when the dryer was delivered to his home.
 {¶ 3} On April 26, 2003, Defendant renewed the rental period for the dryer with a payment of $47.88. That payment covered one additional month's rent, but because Defendant's renewal payment was seven days late at that point, the payment extended the rental period only for an additional three weeks, until May 19, 2003. Defendant made no further renewal payments and Defendant did not return the dryer to Rent-A-Center on May 19, 2003 or contact the store to make any further arrangements.
 {¶ 4} Also on April 26, 2003, in addition to renewing the dryer, Defendant rented a stereo system from the Rent-A-Center store. The weekly rental fee for the stereo was $29.76. As a promotional offer Defendant received the first two weeks of rent free of charge and he only paid the tax, $4.15, at the time the stereo was delivered to his home. On May 14, 2003, Defendant renewed rental of the stereo with a payment of $43.58. Because that renewal payment was already four days late when made, it extended the rental period only to May 19, 2003. No further renewal payments were made by Defendant on the stereo and he did not return the stereo to Rent-A-Center on May 19 2003, or call the store to make further arrangements.
 {¶ 5} Rent-A-Center made several unsuccessful attempts to contact Defendant by phone after May 19, 2003, regarding his delinquent account. After Defendant's account remained delinquent for over thirty days, the store manager, Russell Brenneman, sent Defendant a collection letter by certified mail, demanding that Defendant either return the dryer and stereo or pay for those items. Defendant received and signed for that collection letter. Brenneman also spoke to Defendant one time by the telephone, explaining that his account had been terminated because it was past due over thirty days. Therefore, Defendant's only option was to return the dryer and stereo to Rent-A-Center. Defendant refused, however, to return the property. Rent-A-Center commenced a civil action.
 {¶ 6} In April of 2004, after Defendant received court papers, he called Rent-A-Center and made arrangements to return the property, saying "he didn't want to go to court over it." During the period of time that Defendant had the dryer and stereo in his possession but was not paying for them, May 19, 2003 — April 2004, Rent-A-Center lost rental income on that property amounting to $1,500.00. Furthermore, the cash value of the dryer and stereo when rented was $409.04 and $1,182.54, respectively.
 {¶ 7} Josh Wilson, the account manager at Rent-A-Center, spoke to Defendant by phone on June 16, 2003, and told him he needed to return the dryer and stereo but Defendant refused to do that. In June or July 2003, when Defendant's account was 40-50 days past due, Wilson had a face-to-face conversation with Defendant at his home and explained to him that legal action would be taken against him if he did not return the property. Defendant again refused to return the property.
 {¶ 8} Guy Jones, director of the diversion program for the Montgomery County Prosecutor's Office, met with Defendant on March 22, 2004. Jones discussed with Defendant his pending theft charge and explained how the diversion program works. Jones told Defendant to call him if he was interested in entering the diversion program. Defendant never replied to the offer.
 {¶ 9} On May 4, 2004, Defendant finally returned the dryer and stereo to Rent-A-Center. The receipt given to Defendant, which was signed by Rent-A-Center's credit manager, John Crow, bears two notations. One says: "stolen recovery." The other notation says: "relieved of financial obligation." Josh Wilson, the account manager at Rent-A-Center, testified that he has never seen any employee of Rent-A-Center write "relieved of financial obligation" on a receipt, and that John Crow does not have the authority to relieve customers of their financial obligations.
 {¶ 10} Defendant was indicted on one count of theft, value of property over five hundred but less than five thousand dollars, in violation of R.C. 2913.02(A)(2). Defendant waived his right to a jury trial. Following a trial to the court at which Defendant presented no evidence, the trial court found Defendant guilty and convicted him on the verdict. The trial court sentenced Defendant to five years of community control sanctions.
 {¶ 11} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 12} "THE STATE DID NOT PROVE EACH AND EVERY ELEMENT CONTAINED IN THE INDICTMENT BEYOND A REASONABLE DOUBT."
 {¶ 13} Defendant was found guilty of violating R.C. 2913.02(A)(2), which provides:
 {¶ 14} "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 15} * * *
 {¶ 16} "Beyond the scope of the express or implied consent of the owner or person authorized to give consent."
 {¶ 17} Knowingly is defined in R.C. 2901.22(B):
 {¶ 18} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 19} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Thompkins, supra. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259:
 {¶ 20} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 21} In this assignment of error Defendant challenges the sufficiency of the evidence and alleges that the State failed to prove one of the essential elements of the offense; that the offense occurred on or about June 6, 2003, as alleged in the indictment. There are several defects in this argument.
 {¶ 22} First, we note that the date of the offense is not one of the essential elements of the theft offense charged. Rather, the essential elements are: (1) knowingly, (2) obtain or exert control over property or services, (3) with purpose to deprive the owner thereof, (4) beyond the scope of the express or implied consent of the owner or person authorized to give consent, and (5) venue. Second, Defendant alleges that although the indictment specifies that the offense occurred on or about June 6, 2003, there is no evidence that any activity took place on that date. We disagree.
 {¶ 23} The evidence presented by the State demonstrates that Defendant's account at Rent-A-Center became delinquent on May 19, 2003, when he failed to either renew the rental period for the dryer and stereo or to return that property. Defendant made no further payments for his continued use of that property after May 19, 2003, and he did not return the property to Rent-A-Center until May 4, 2004. Despite extensive efforts by Rent-A-Center to contact Defendant and recover its property, Defendant repeatedly and explicitly refused to return Rent-A-Center's property on those occasions when he was contacted by Rent-A-Center personnel. Josh Wilson, the account manager for Rent-A-Center, attempted to contact Defendant by telephone on June 6, 2003, after Defendant's account had been past due for fifteen days or more. Contact was made with Defendant on June 16, 2003, at which time Defendant refused to return Rent-A-Center's property after being asked by Josh Wilson to do so.
 {¶ 24} Moreover, Defendant did not present any defense to the charges, nor did he allege that he was not in possession of or exerting control over Rent-A-Center's property on the date specified in the indictment, on or about June 6, 2003. At trial, Defendant did not contest the State's evidence or facts. Instead, Defendant merely argued that this case was a breach of contract, a "civil matter." In finding Defendant guilty, however, the trial court observed, and we agree, that when Defendant told Rent-A-Center personnel that he would not return their property despite being in default on his rental agreement, this case went from being a civil collection of a debt to criminal theft in violation of R.C. 2913.02(A)(2).
 {¶ 25} A person's actions can subject him or her to both civil and criminal liability at the same time. Swinnie v. Haines (March 17, 2000), Montgomery App. No. 18070. A ten day variance between the date of the offense specified in the indictment, "on or about" June 6, 2003, and the date Defendant refused Rent-A-Center's request to return its property, June 16, 2003, manifests Defendant's intent to deprive Rent-A-Center of its property. It is not prejudicial to Defendant on these facts and does not violate Defendant's due process rights. It is sufficient that the State proved that the offense occurred on a date reasonably near to that charged in the indictment. State v. Adams (October 30, 2002), Licking App. No. 02-CA00043, 2002-Ohio-5953, citing State v. Sellards (1985),17 Ohio St.3d 169.
 {¶ 26} Simply put, Defendant kept rental property belonging to Rent-A-Center for nearly one year beyond the expiration of the rental period. Defendant exerted control over that property beyond the scope of the consent given by Rent-A-Center, as specified in their contract. Defendant's intent to deprive the owner, Rent-A-Center, of its property can reasonably be inferred from his retention of the rental property without making any payments for its use and his explicit refusal to return the property to Rent-A-Center. This evidence is sufficient to demonstrate a violation of R.C. 2913.02(A)(2). State v. Wedell (August 23, 2001), Cuyahoga App. No. 78760.
 {¶ 27} Viewing the evidence presented in a light most favorable to the State, as we must, a rational trier of facts could find all of the essential elements of theft proven beyond a reasonable doubt. The evidence is legally sufficient to sustain Defendant's conviction for theft.
 {¶ 28} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 29} "THE FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT TO THE EVIDENCE."
 {¶ 30} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 31} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 32} The credibility of the witnesses and the weight to be given to their testimony is a matter for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 33} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." Id., at p. 4.
 {¶ 34} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict.State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 35} At the outset, we note that there is very little in the way of conflicts in the evidence in this case because Defendant did not present any evidence or witnesses at trial. Nevertheless, Defendant asserts that his conviction for theft is against the manifest weight of the evidence. In making that argument, Defendant claims that the trial court lost its way in finding that he had a purpose or intent to deprive the owner, Rent-A-Center, of its property. We disagree.
 {¶ 36} In support of his argument Defendant points out that he told Rent-A-Center personnel that he didn't want to return their property because he wanted to keep making payments under the rental agreement. In other words, Defendant claims that he offered to renew the rental agreement for the property and become current in his payments. That argument overlooks the State's evidence that Russell Brenneman, the manager of the Rent-A-Center store, told Defendant that because he was more than thirty days past due in his rental payments, his account had been terminated and he no longer had the option to renew the rental agreement. Rather, Defendant needed to return the property to Rent-A-Center, which Defendant refused to do. Defendant's intent to deprive Rent-A-Center of its property can reasonably be inferred from his retention of that property for nearly one year after expiration of the rental period without making any payments for the use of that property, and Defendant's repeated refusals to return the property as requested by Rent-A-Center.
 {¶ 37} In reviewing this record as a whole we clearly cannot say that the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the State's witnesses, which it was entitled to do, or that a manifest miscarriage of justice has occurred. Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 38} The second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 39} "INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 40} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; that is, there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 41} Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. Id.
Moreover, hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. Id.
 {¶ 42} Defendant argues that his trial counsel performed in a deficient manner because he failed to seek admission into evidence of the receipt, Defense Exhibit A, Defendant testified he was given by Rent-A-Center on May 4, 2004, when Defendant finally returned Rent-A-Center's property. That receipt had various notations written on it, including "relieved of financial obligation," and "stolen recovery." Defendant argues that the receipt, had it been admitted by counsel, would demonstrate that he was relieved of his financial obligations under the rental agreement and therefore could not be guilty of theft.
 {¶ 43} Although defense counsel did not request admission of this receipt, the trier of facts, the trial court here, was well aware of the receipt and its contents because Josh Wilson, the account manager at Rent-A-Center, testified in detail about the receipt and the notations written thereon. Specifically, he testified that in the two years he had worked at Rent-A-Center he has never seen any employee write "relieved of financial obligation" on a receipt. Wilson further testified that the employee who signed the receipt on behalf of Rent-A-Center, John Crow, did not have authority to relieve customers of their financial obligations.
 {¶ 44} Given Josh Wilson's testimony about this receipt and the other overwhelming evidence of Defendant's guilt the State presented, Defendant has failed to demonstrate that but for defense counsel's failure to admit the receipt into evidence there exists a reasonable probability that he would have been acquitted of the theft charge. In other words, Defendant has failed to show the required prejudice resulting from counsel's performance, and therefore ineffective assistance of counsel has not been demonstrated with regard to the matter.
 {¶ 45} Defendant additionally complains that his counsel was ineffective because he failed to object to evidence of statements Defendant made over the phone to various Rent-A-Center employees, wherein Defendant refused to return Rent-A-Center's property. According to Defendant, he was not sufficiently identified as the person who made those statements.
 {¶ 46} Evid.R. 901(A) provides that the requirement of authentication or identification is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(B) states that the following examples conform to that requirement:
 {¶ 47} "(6) Telephone conversation. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (a) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (b) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone."
 {¶ 48} Our review of the record demonstrates that an adequate foundation was laid for authenticating the phone conversations with Defendant. The evidence shows that both Russell Brenneman, the store manager, and Josh Wilson, the account manager, called Defendant by dialing the home phone number Defendant had provided in his rental order form, and that in each instance the person the Rent-A-Center employee spoke to identified himself as Defendant. That is sufficient to support a finding that the matter in question is what its proponent claims, statements made by Defendant over the phone, satisfying the authentication and identification requirements for admission of that evidence. Defense counsel did not perform deficiently by failing to object. We additionally note that at least two of the conversations Josh Wilson had with Defendant during which Defendant refused to return Rent-A-Center's property were face-to-face conversations with Defendant at his home. Identity of the speaker is obviously not an issue in those situations. Ineffective assistance of counsel has not been demonstrated.
 {¶ 49} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. And Fain, J., concur.